# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Dytavis Hinton, | ) | Civil Action No.: 8:15-cv-00273-RBH |
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| Warden Leroy Cartledge, | ) | |
| Respondent. | ) | |

Petitioner Dytavis Hinton, a state prisoner proceeding pro se, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. Respondent filed a motion for summary judgment, as well as a return and supporting memorandum. *See* ECF Nos. 22 & 23. Petitioner filed a response in opposition to Respondent's motion for summary judgment. *See* ECF No. 33. The matter is now before the Court for consideration of Petitioner's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Jacquelyn D. Austin, who recommends granting Respondent's motion for summary judgment.[1] *See* R & R, ECF No. 35.

For the reasons stated below, the Court adopts the Magistrate Judge's R & R, grants Respondent's motion for summary judgment, and dismisses Petitioner's § 2254 petition with prejudice.

## Background

The State of South Carolina indicted Petitioner on charges of attempted murder, first-degree burglary, attempted armed robbery, and criminal conspiracy, alleging he and an accomplice attempted to rob at gunpoint a group of band members who were spending the night in a recreational vehicle

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

parked outside a nightclub located in Rock Hill, South Carolina.[2]  *See* ECF No. 22-1 at 11-16; ECF No. 22-5 at 76-91.  Petitioner pled guilty as charged, and the state plea court sentenced him to an aggregate term of twenty-years' imprisonment.  ECF No. 22-1 at 3-42.  The Magistrate Judge's R & R contains a thorough summary of the facts and procedural history of this case, with citations to the record.  *See* R & R at 2-12.  Respondent filed no objections to the R & R, and Petitioner does not object to the Magistrate Judge's summary.  Accordingly, the Court adopts the facts and procedural history set forth in the R & R.

## Legal Standards

**I.     Review of the Magistrate Judge's R & R**

The Magistrate Judge makes only a recommendation to the Court.  The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id.*  However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of specific objections to the R & R, the Court reviews only for

---

[2]      Petitioner's accomplice was shot and killed during the course of the attempted robbery; Petitioner was also shot but survived.  ECF No. 22-1 at 14.

clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## II.     Summary Judgment

Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Reyazuddin v. Montgomery Cty., Md.*, 789 F.3d 407, 413 (4th Cir. 2015); *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party, *Reyazuddin*, 789 F.3d at 413, but the Court "cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015).

## III.    Federal Habeas Review Under 28 U.S.C. § 2254

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254 governs review of his claims. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> (1)     resulted in a decision that was contrary to, or involved an
>         unreasonable application of, clearly established Federal law,
>         as determined by the Supreme Court of the United States; or

3

>    (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Section 2254(d)(1) describes the standard of review to be applied to claims challenging how the state courts applied federal law, while § 2254(d)(2) describes the standard to be applied to claims challenging how the state courts determined the facts." *Winston v. Kelly*, 592 F.3d 535, 553 (4th Cir. 2010).

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision," and "[e]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 88 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Moreover, state court factual determinations are presumed to be correct, and Petitioner has the burden to rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Under the AEDPA, a federal court must afford a state court's decision "deference and latitude that are not in operation when the case" is being considered on direct review. *Harrington*, 562 U.S. at 101. Federal review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. *See id.* at 98 (observing "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show there was no reasonable basis for the state court to deny

relief. *Id.* Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. *Id.* at 102.

In other words, to obtain habeas corpus from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. Section 2254(d) codifies the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Id.* at 102-03 (internal quotation marks omitted).

**IV.     *Strickland* Test for Ineffective Assistance of Counsel**

Claims of ineffective assistance of counsel must be reviewed under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). A habeas petitioner must first show counsel's performance was deficient and fell below an objective standard of reasonableness. *Id.* at 687-88; *see also Harrington*, 562 U.S. at 105 ("Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d)."). Second, the petitioner must show prejudice, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694.

The *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). In the guilty plea context, the inquiry regarding counsel's alleged deficiency hinges on whether the defendant knowingly, voluntarily, and intelligently

entered his plea. *See id.* at 56 (stating that when "a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases" (internal quotation marks omitted)). The prejudice component "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59 ("In other words, in order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.").

**V.     Relationship Between § 2254(d) and *Strickland***

"The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (internal quotation marks and citations omitted). Consequently, when applying § 2254(d) to an ineffective assistance of counsel claim, the Court must determine "not whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

## Discussion

Petitioner's sole ground for relief in his § 2254 petition is that his guilty plea was involuntary due to the ineffective assistance of his plea counsel. ECF No. 1 at 5. He alleges plea counsel was ineffective for (a) failing to move to quash an arrest warrant ("Ground One A") and (b) failing to conduct an adequate and independent investigation of the case ("Ground One B"). *Id.* at 6-22. The Magistrate Judge considered the merits of both Ground One A and Ground One B in the R & R, and she concluded the state PCR court's decision rejecting these claims was neither contrary to nor an unreasonable application of applicable Supreme Court precedent, namely *Strickland* and *Hill*. R & R at 23-32.

In his objections, Petitioner challenges the Magistrate Judge's disposition of Ground One A and Ground One B, arguing the R & R merely recites the claims that he presents in his habeas petition and rehashes the arguments that Respondent makes in support of the motion for summary judgment. ECF No. 39 at 1-2. Petitioner asserts the Magistrate Judge "failed to address or mention" the arguments that he presented in his response in opposition to Respondent's motion. *Id.* at 2-3. Relying on *United States v. George*, 971 F.2d 1113 (4th Cir. 1992), Petitioner states he wishes to "verbatim re-argue" the arguments contained in his response in opposition because his position "<u>cannot</u> be argued any better,"[3] and he "requests a de novo determination" of Ground One A and Ground One B. *Id.* at 1-4.

As an initial matter, the Court notes Petitioner's contention that the Magistrate Judge failed to address the arguments presented in his response in opposition is simply not true. An examination of Petitioner's filings explains why. His habeas petition contains both supporting facts *and* arguments and citations of law, despite the instruction in the petition stating, "Do not argue or cite law. Just state the specific facts that support your claim." ECF No. 1 at 5. After Respondent filed the motion for summary judgment, Petitioner filed a response containing the following statements: (1) "Petitioner verbatim re-argue his Ground One A/B as its [sic] set out in his petition for habeas corpus"; and (2) "Petitioner verbatim re-argue his Ground One B as its [sic] set out in his petition for habeas corpus."[4] ECF No. 33 at 5-6. Thus, Petitioner sought to argue in his response those same arguments he had presented in his habeas petition; and when the Magistrate Judge reviewed Petitioner's response, she necessarily had to

---

[3] Petitioner argues "alteration or variation of his arguments at this stage is not a bar to this [C]ourt[']s review of these objections, as this [C]ourt is required to consider 'all' arguments directed to <u>any</u> issue(s) to which proper objection is made, regardless of whether they were raised before this [C]ourt." ECF No. 39 at 3-4.

[4] Petitioner's response also contains various arguments relating to those originally presented in his habeas petition. *Compare* ECF No. 33 at 2-7, *with* ECF No. 1 at 6-22.

consult the petition in which Petitioner had presented his arguments.[5] Moreover, the Magistrate Judge specified in the R & R that she considered Petitioner's petition and his response in reaching her conclusions, and the content of the R & R reflects her thorough evaluation and disposition of Petitioner's claims. *See* R & R at 2 ("Petitioner filed this Petition for writ of habeas corpus on January 15, 2015. . . . Petitioner's response in opposition was filed on the docket on August 17, 2015. *Having carefully considered the parties' submissions* and the record in this case, the Court recommends Respondent's motion for summary judgment be granted and the Petition be dismissed." (internal citations omitted) (emphasis added)). Finally, to the extent Petitioner contends the Magistrate Judge merely rehashed Respondent's arguments, this argument has no merit; the R & R clearly shows the Magistrate Judge conducted an exhaustive, independent review of the entire record in reaching her decision.

Regarding Petitioner's objection requesting that the Court conduct a de novo review of Ground One A and Ground One B, the Court reiterates it may only consider objections directing the Court to *specific* error in the R & R. *See Camby*, 718 F.2d at 199-200 (explaining that if a party's objections lack the requisite specificity envisioned by 28 U.S.C. § 636(b)(1)(C), the district court need not conduct a de novo review of those portions of the R & R to which no specific objections have been made); Fed. R. Civ. P. 72(b) (permitting a party to "serve and file *specific* written objections to the proposed findings and recommendations" of the magistrate judge (emphasis added)). Petitioner's objections do not point to any specific error in the Magistrate Judge's reasoning or findings. Although he relies on

---

[5] Petitioner's concern may stem from the fact that the R & R contains a direct quotation from his habeas petition (of Ground One A and Ground One B), but does not directly quote from his response in opposition. *See* R & R at 6-12. The mere fact that the Magistrate Judge did not quote Petitioner's response does not mean she failed to consider the arguments therein.

*United States v. George*, that case deals with arguments—aimed at a particular issue—raised for the first time to a district court after a magistrate judge has issued an R & R. *See George*, 971 F.2d at 1117-18.[6] Here, however, Petitioner has not raised any new substantive arguments to the Court; he simply makes a general request that the Court conduct a de novo review of his entire habeas petition and arguments that the Magistrate Judge already considered. *See Orpiano*, 687 F.2d at 47 (stating de novo review of the R & R is not required "when a party makes general and conclusory objections that do not direct the [C]ourt to a specific error in the magistrate's proposed findings and recommendations"). Petitioner has failed to present specific objections, so the Court is not required to review the R & R de novo.

---

[6] The Fourth Circuit in *George* addressed the government's contention that the district court erred by refusing to consider arguments that had not been presented to the magistrate judge who issued an R & R on a pretrial suppression motion. 971 F.2d at 1117. The court stated:

> We believe that as part of its obligation to determine *de novo* any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate. By definition, *de novo* review entails consideration of an issue as if it had not been decided previously. It follows, therefore, that the party entitled to *de novo* review must be permitted to raise before the court any argument as to that issue that it could have raised before the magistrate. The district court cannot artificially limit the scope of its review by resort to ordinary prudential rules, such as waiver, provided that proper objection to the magistrate's proposed finding or conclusion has been made and the appellant's right to *de novo* review by the district court thereby established.

*Id.* at 1118 (internal footnote omitted). The Fourth Circuit subsequently clarified *George* does not permit an objecting party to disregard the requirement for specific written objections:

> The district court, nonetheless, found that 'under *United States v. George*, and in an abundance of caution and fairness, the government did not waive the right to a substantive review.' However, we do not think that *George* required district court review in this matter. In *George*, we held that the district court must consider all arguments presented on an issue—including those not presented to the magistrate judge—so long as the objecting party has properly established its right to *de novo* district court review. We did not hold that parties can ignore the requirements of Rule 72 and nonetheless preserve their right to review of issues not properly appealed.

*In re Search Warrants Served on Home Health & Hospice Care, Inc.*, 121 F.3d 700, 1997 WL 545655, at *13 (4th Cir. 1997) (unpublished table decision affirming the district court).

9

Although de novo review is not required in light of Petitioner's nonspecific objections, the Court has nonetheless exercised its discretion and conducted a de novo review of the R & R. Having done so, the Court finds no error in the Magistrate Judge's disposition of Ground One A and Ground One B and sees no reason to repeat her detailed analysis here. The Court agrees with the Magistrate Judge that Petitioner is not entitled to habeas relief on his ineffective assistance claims because the state PCR court[7] did not act contrary to or unreasonably apply *Strickland* and *Hill* in denying the claims. *See* 28 U.S.C. § 2254(d)(1). The Court further finds that the PCR court did not unreasonably determine the facts in rejecting Petitioner's claims, and that Petitioner has not rebutted the PCR court's factual findings with clear and convincing evidence. *See* 28 U.S.C. § 2254(d)(2); 28 U.S.C. § 2254(e)(1). Accordingly, the Court overrules Petitioner's objections and adopts and incorporates the Magistrate Judge's R & R by reference.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural

---

[7] The Supreme Court of South Carolina summarily refused to hear Petitioner's PCR appeal by denying his petition for a writ of certiorari, so the PCR court's decision is the proper one to evaluate under § 2254(d). *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."); *Grueninger v. Dir., Virginia Dep't of Corr.*, __ F.3d __, __ (4th Cir. 2016) ("When a state appellate court summarily affirms a reasoned lower-court decision, or refuses a petition for review, then under *Ylst*, a federal habeas court is to 'look through' the unexplained affirmance to examine the 'last reasoned decision' on the claim, assuming that the summary appellate decision rests on the same ground." (quoting *Ylst*, 501 U.S. at 803-04, 806)); *id.* at __ ("In applying § 2254(d) in this case, we 'look through' the Supreme Court of Virginia's summary refusal to hear Grueninger's appeal and evaluate the Circuit Court's reasoned decision on Grueninger's claim.").

grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

## Conclusion

The Court has reviewed the entire record, including the Magistrate Judge's R & R and Petitioner's objections, and considered the applicable law. The Court has conducted a de novo review of the R & R, and it finds no merit in Petitioner's objections. For the reasons stated in the Court's order and in the Magistrate Judge's R & R, the Court overrules Petitioner's objections and adopts and incorporates the R & R [ECF No. 35] by reference.

**IT IS THEREFORE ORDERED** that Respondent's motion for summary judgment [ECF No. 23] is **GRANTED** and that Petitioner's habeas petition is **DISMISSED WITH PREJUDICE. IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina  
February 16, 2016

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge